UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIMITRIUS STANLEY, individually and on behalf of all others similarly situated, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:15-cv-239-WTL-MJD |
| | ) |
| NATIONAL RECOVERY AGENCY, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON PLAINTIFF'S THIRD AMENDED MOTION TO CERTIFY CLASS

This cause is before the Court on the Plaintiff's Third Amended Motion to Certify Class (Dkt. No. 53). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

## I.  RULE 23 STANDARD

Federal Rule of Civil Procedure 23 governs class actions. Rule 23 requires a two-step analysis to determine whether it is appropriate to certify a particular class. First, the plaintiff must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000). Second, the action must satisfy one of the conditions of Rule 23(b). *Id.* The Court has "broad discretion to determine whether certification of a class-action lawsuit is appropriate," *Chavez v. Ill. State Police*, 251 F.3d 612, 629 (7th Cir. 2001).

## II.  BACKGROUND

Stanley brings this action against National Recovery Agency ("NRA") to recover damages for alleged violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. §

1692 et seq. Stanley alleges that a form collection letter sent to him and the other members of his proposed class violated the FDCPA. Stanley alleges that in addition to the principal balance of $268.29, NRA also demanded that Stanley pay $53.66 for "Costs," which did not represent the actual cost to collect the debt but appeared to be a flat 20% fee. Stanley alleges that NRA had no right to impose a flat 20% fee and made a false, deceptive, or misleading statement in violation of Section 1692e of the FDCPA. Stanley originally identified the proposed class as follows:

> Plaintiff, Dimitrius Stanley, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a delinquent consumer debt, via a collection letter similar to the letter that is attached to the Complaint (Exhibit C), as to which there was no right to charge a flat 20% Cost, from one year before the date of this Complaint to the present.

Dkt. No. 1 ¶ 18. The Court found that this definition created a fail-safe class and gave Stanley leave to redefine the class. Stanley's redefined class is as follows:

> all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a delinquent consumer debt, allegedly owed for a Six Flags account, via a collection letter identical to the letter that is attached to the Complaint (Dkt. 1-3), as to which a flat 20% charge for "Costs" had been added to the debt, from one year before the date of this Complaint to the present.

Docket No. 53 at 3.

## III. DISCUSSION

Before the express requirements of Rule 23 can be addressed, and before the class can be certified, Stanley must show that the class is "sufficiently definite to warrant class certification." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). "An identifiable class exists if its members can be ascertained by reference to objective criteria." *Gomez v. Ill. State Bd. of Educ.*, 117 F.R.D. 394, 397 (N.D. Ill. 1987). The Seventh Circuit has emphasized that classes "defined

2

by the activities of the defendants" are generally sufficiently definite to satisfy this requirement. *Alliance to End Repression v. Rochford*, 565 F.2d 975, 987 (7th Cir. 1977).

In the instant case, the proposed class has been redefined as "all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a delinquent consumer debt, allegedly owed for a Six Flags account, via a collection letter identical to the letter that is attached to the Complaint (Dkt. 1-3), as to which a flat 20% charge for "Costs" had been added to the debt, from one year before the date of this Complaint to the present." Docket No. 53 at 3. Because it can be easily ascertained whether and when a potential plaintiff received the letter, the class is sufficiently defined.[1]

Turning to the first express requirement of Rule 23, numerosity, Stanley must show that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Although Rule 23 does not identify a threshold number to establish numerosity, classes as few as forty have been found sufficient, but not necessarily so. *See Pruitt v. City of Chicago*, 472 F.3d 925 (7th Cir. 2006). The Defendant has confirmed that the proposed class consists of 281 putative class numbers. As such, the putative class is so numerous that joinder would be impracticable. Thus, the Plaintiff satisfies the numerosity requirement.

The second requirement of Rule 23(a) is the presence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). "Common nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct towards members of the proposed class." *Id.*

---

[1] The Defendant did not file a new response to the instant motion, but rather relied on its response to the previous motion for class certification; accordingly, it has not made an argument specific to this proposed class with regard to ascertainability.

3

Here, Stanley argues that the community requirement is satisfied because of two common issues: (1) whether the Defendant's form collection letter violates the FDCPA; and (2) the appropriate relief to be awarded. While the Defendant argues that whether the Defendant's collection letter violates the FDCPA turns on multiple questions of law and fact that must be answered on an individual basis, in fact the letters in question are form letters that contain the same allegedly improper language. Thus is the type of standardized conduct that satisfies the commonality requirement.

The third requirement is typicality: "the claim or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The question of typicality in Rule 23(a)(3) is closely related to the preceding question of commonality." *Rosario*, 963 F.2d at 1018. The Seventh Circuit has stated that a "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokley–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). In this case, each of the class members were sent the same or similar collection letter. All of the class members' claims arise from the same practice of the Defendant which gave rise to Stanley's claims; that is, each time the Defendant sent a collection letter similar to that received by Stanley, it allegedly violated the FDCPA. Thus, Stanley's claims are typical of the class because they arise from the same course of conduct and are based on the same general legal theory. Stanley has thus successfully shown typicality.

The fourth and final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "A class is not fairly and adequately represented if class members have antagonistic or conflicting claims." *Rosario*, 963 F.2d at 1018. In *Retired Chicago Police Association v. City of Chicago*, 7 F.3d 584,

598 (7th Cir. 1993) (internal quotation and citation omitted), the court noted that "adequacy of representation is composed of two parts: the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protect the different, separate, and distinct interest of the class members." Here, the Court finds Stanley to be an adequate representative without any conflicts or antagonistic claims to the proposed class members. All members of the putative class received the allegedly deficient letter issued by the Defendant and will be challenging its validity under the FDCPA. Stanley has a sufficient stake in the outcome and will be a zealous advocate of the class. In addition, the Defendant does not dispute that counsel for Stanley is experienced in class actions and other complex litigation and thus satisfy that requirement. Accordingly, the Court finds that Stanley is an adequate class representative.

Having satisfied the four requirements of Rule 23(a), Stanley has not yet met his burden. He must also satisfy one of the requirements of Rule 23(b). Here, Stanley claims that he satisfies Rule 23(b)(3), which allows a class action to be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

"Common issues of fact and law predominate in particular when adjudication of questions of liability common to the class will achieve economies of time and expense." *Chicago Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chicago*, 797 F.3d 426, 444 (7th Cir. 2015). "Rule 23(b)(3) . . . does not require a plaintiff seeking class certification to prove that each element of her claim is susceptible to classwide proof. What the rule does require is that common questions predominate over any questions affecting only individual class members." *Amgen Inc. v. Conn. Retirement Plans & Trust Funds*, 133 S. Ct. 1184, 1196 (2013) (internal

citations omitted). Cases dealing with the legality of standardized documents are generally appropriate for resolution by class action because the document is the focal point of the analysis. *See Haroco, Inc. v. Am. Nat'l Bank & Trust Co.*, 121 F.R.D. 664, 669 (N.D. Ill. 1988) (stating claims arising out of standard documents present a "classic case for treatment as a class action") (citation omitted); *Jackson v. Nat'l Action Fin. Servs, Inc*., 227 F.R.D. 284, 290 (N.D. Ill. 2005) (holding that "[a]s long as the letters that class members received are very similar . . . the legal issue of whether those letters violate the FDCPA is predominate") (internal quotation and citation omitted).

Here, Stanley and each putative class member received a debt collection letter from the Defendant. The common and predominating issue is whether the debt collection letters sent to Stanley and the class members violate the FDCPA. This is sufficient to satisfy this prong. *See Day v. Check Brokerage Corp.*, 240 F.R.D. 414, 419 (N.D. Ill. 2007) (certifying FDCPA class action and finding that predominance prong satisfied where similar debt collection letters were at issue).

A class action is superior to all other methods in this case as it will efficiently resolve a potentially large number of claims that share a similar set of legal and factual issues. In the absence of class certification, the courts could potentially be inundated with "many individual cases that seek to litigate an essential core of the same legal and factual issues." *Lucas*, 226 F.R.D. at 342. These separate actions would be repetitive and wasteful.

## CONCLUSION

For the foregoing reasons, the Third Amended Motion to Certify Class (Dkt. No. 53) is **GRANTED**. The Court will request that the Magistrate Judge schedule a status conference to establish a schedule for class notice and other further proceedings.

**SO ORDERED:** 7/29/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.